SUTLIFF *v.* VREELAND.

APPEAL AND ERROR—DECISIONS REVIEWABLE—MATTERS NOT DE-
TERMINATIVE OF CONTROVERSY.

   A decree dismissing a bill to construe a will, filed pending an
    action of ejectment between the same parties, will not be re-
    viewed where, by reason of a stipulation withdrawing the
    questions of fact from the chancery case, it appears that the
    court cannot make a decree that will settle the controversy.

Appeal from Wayne; Donovan, J. Submitted Janu-
ary 14, 1908. (Docket No. 50.) Decided May 1, 1908.

Bill by Alfred Sutliff against Elias Vreeland and others.
to construe the will of Michael Vreeland, deceased.
From a decree dismissing the bill, complainant appeals.
Affirmed.

*Ari E. Woodruff* and *William F. & Frank W. At-
kinson*, for complainant.

*James H. Pound* (*Stellwagen & Mackay*, of counsel),
for defendants.

MOORE, J. The defendants claim to be the owners of
certain real estate by virtue of certain provisions of a will
made by Michael Vreeland. The complainant claims
title to the same land by virtue of the provisions of the
same will. The defendants commenced a suit in eject-
ment against complainant to decide the question. While
the ejectment suit was yet pending the bill of complaint
in this case was filed. No proofs were taken, but a stipu-
lation was filed submitting only one question to the court.
In the stipulation is the following:

"That no question of fact shall be submitted to this
court, for the reason that ejectment suits are now pend-
ing between the parties to this cause, in which the ques-

tions of fact can be submitted to a jury, if defendants in this cause have a right to have the facts in the matter passed upon."

It became apparent upon the argument of the case that this court could make no decree that would settle the controversy between the parties. The counsel were invited to submit briefs upon the following questions:

" *First.* Is not the question presented in this case merely a hypothetical one?

" *Second.* In order to give the court of chancery jurisdiction, should it not have authority to finally determine the controversy?

" *Third.* As it has not that authority in this case, should it undertake to determine anything? "

Counsel have presented briefs. It is clear that any decree we may make will not end the controversy. The issue as presented in the ejectment suit calls for a construction of the will. This court ought not to be required to decide cases by piecemeal. We decline to hear this case as presented.

The decree of the court below dismissing the bill of complaint is affirmed, but without prejudice to any future proceeding, and without costs to either party.

GRANT, C. J., and BLAIR, CARPENTER, and McALVAY, JJ., concurred.